Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FABRIC SELECTION, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZOETOP BUSINESS CO., LTD., a Hong Kong private limited company, individually and doing business as "SHEIN"; SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; ROADGET BUSINESS PTE., LTD., a Singapore private limited company; SHEIN US SERVICES, LLC, a Delaware limited liability company; SHEIN TECHNOLOGY, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br>**1. COPYRIGHT INFRINGEMENT**<br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>**3. VICARIOUS COPYRIGHT INFRINGEMENT**<br><br><u>Jury Trial Demanded</u> |

Plaintiff Fabric Selection, Inc. ("FSI" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b).

3. This Court has personal jurisdiction over Defendants, and each of them. Upon information and belief, Defendants Shein Distribution Corporation and SHEIN US Services, LLC maintain their principal places of business in Los Angeles, California, and Defendant Zoetop Business Co., Ltd. maintains a place of business in Los Angeles, California. Upon information and belief, each Defendant purposefully directs the marketing, importation, distribution, and sale of SHEIN-branded apparel, including the Infringing Garments defined below, to consumers in California and this District, including through the website https://us.shein.com/ and the SHEIN mobile application, and FSI's claims arise out of and relate to those forum-directed activities.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(a) because Defendants reside or may be found in this District, and because a substantial part of the acts and omissions giving rise to the claims occurred in this District, including the importation, distribution, offering for sale, and sale of the Infringing Garments to consumers in this District.

## PARTIES

5. FSI is a corporation organized and existing under the laws of the State of California with its principal place of business in Commerce, California. FSI creates

and owns original two-dimensional artwork for textile printing and sells fabric bearing that artwork to parties in the fashion and apparel industries.

6. Upon information and belief, Defendant Zoetop Business Co., Ltd. (“ZBC”), individually and doing business as “SHEIN,” is a Hong Kong private limited company with its principal place of business located at Rm 112, 19/F, 14 Taikoo Wan Rd., Tai Koo Shing, Hong Kong, and a place of business at 757 S. Alameda St., Suite 220, Los Angeles, California 90021.

7. Upon information and belief, Defendant Shein Distribution Corporation (“SDC”) is a Delaware corporation with its principal place of business located at 757 S. Alameda St., Suite 220, Los Angeles, California 90021, and is responsible for the importation and distribution of SHEIN-branded products in the United States, including in this District.

8. Upon information and belief, Defendant Roadget Business Pte., Ltd. (“Roadget”) is a Singapore private limited company engaged in wholesale trade that is doing business in and with the State of California and this District. Upon information and belief, Roadget owns, operates, and/or controls the SHEIN brand and the SHEIN e-commerce platform through which SHEIN-branded products, including the Infringing Garments, are offered for sale and sold to consumers in the United States, and Roadget receives revenue from those sales.

9. Upon information and belief, Defendant SHEIN US Services, LLC (“SUS”) is a Delaware limited liability company with its principal place of business located at 777 S. Alameda St., 2nd Floor, Los Angeles, California 90021.

10. Upon information and belief, SDC is the parent company of SUS, and SUS owns and operates the website https://us.shein.com/, the dedicated United States website of “SHEIN,” through which SHEIN-branded products, including the Infringing Garments, are displayed, offered for sale, and sold to consumers in the United States, including in this District.

11. Upon information and belief, Defendant SHEIN Technology, LLC ("ST") is a Delaware limited liability company that is doing business in and with the State of California and this District, and that participates in the operation of the SHEIN e-commerce platform and the sale of SHEIN-branded products in the United States.

12. Upon information and belief, ZBC, SDC, Roadget, SUS, and ST each do business as "SHEIN," and are referred to herein collectively as "SHEIN." Upon information and belief, these entities operate as a single, integrated business under common ownership and control, share the SHEIN name, trademarks, and e-commerce platform, share offices in Los Angeles, California, and each participated in the creation, importation, display, distribution, and sale of the Infringing Garments in the manner alleged herein.

13. Upon information and belief, Defendants DOES 1 through 10, inclusive ("DOE Defendants") (collectively with SHEIN, "Defendants"), are parties not yet identified who have infringed FSI's copyrights, have contributed to the infringement of FSI's copyrights, or have engaged in one or more of the wrongful practices alleged herein, and include, without limitation, the manufacturers, printing mills, converters, and vendors that printed, manufactured, and supplied the Infringing Garments to SHEIN. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to FSI, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

14. FSI is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and

adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of FSI's rights and the damages to FSI proximately caused thereby.

**CLAIMS RELATED TO FSI'S DESIGN SR70305**

15. Prior to the conduct complained of herein, FSI composed an original two-dimensional artwork for purposes of textile printing. It allocated this design FSI's internal design number SR70305 (the "Subject Design"). The Subject Design was created by FSI's in-house design team as a work made for hire, and is, and at all relevant times was, owned exclusively by FSI.

16. The Subject Design is an original work of authorship reflecting FSI's creative choices in the selection, rendering, coordination, and arrangement of its elements, including: (a) large, open, multi-layered roses and peonies rendered in shades of pink, coral, and cream with dark, shaded centers; (b) clusters of small white five-petal blossoms with dark centers, interspersed with cream and yellow filler florets; (c) dark green and sage green leaves arranged in fanned sprays radiating outward from each bouquet; (d) the grouping of those flowers and leaves into dense bouquets; and (e) the placement of those bouquets in a tossed, diagonal layout separated by open areas of a solid mauve ground. None of these choices was dictated by function, and the combination of them, as a whole, is original to FSI.

17. FSI registered the Subject Design with the United States Copyright Office as part of the collection titled "Byanca Collection 2017," Registration No. VAu 1-278-183, with an effective date of registration of March 27, 2017. The Subject Design is identified by its design number, SR70305, in the content titles of that registration.

18. FSI's registration was made before the infringement alleged herein commenced and constitutes prima facie evidence of the validity of the copyright in

the Subject Design and of the facts stated in the certificate pursuant to 17 U.S.C. § 410(c).

19. Prior to the conduct complained of herein, FSI extensively sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries, including garment manufacturers, vendors, and retailers that, in turn, sold garments bearing the Subject Design to the public.

20. FSI has never licensed, authorized, or otherwise permitted any Defendant to reproduce, prepare derivative works based on, distribute, import, display, or sell the Subject Design or any product bearing it.

21. Following its distribution of fabric bearing the Subject Design, FSI's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Design to the public.

22. FSI is informed and believes and thereon alleges that, following this distribution of fabric bearing the Subject Design, Defendants created, sold, manufactured, caused to be manufactured, imported, displayed, offered for sale, and/or distributed garments comprised of fabric bearing unauthorized reproductions of the Subject Design, including, without limitation, a mauve floral midi dress with three-quarter-length flared sleeves and a high-low ruffled hem (collectively, with all other garments bearing the same or a substantially similar design, the "Infringing Garments"), to the public, including, but not limited to, customers in California and this District.

23. The Infringing Garments bear SHEIN's own "SHEIN" brand label and a "Made in China" label. The Infringing Garments are therefore SHEIN private-label products that SHEIN selected, ordered, caused to be manufactured, imported into the United States, and sold under its own name, and not products of an independent third-party brand merely listed on SHEIN's platform.

24. Upon information and belief, SHEIN sources its SHEIN-branded apparel by selecting designs and placing purchase orders with third-party manufacturers in China, including the DOE Defendants, for production in small initial quantities; reviewing and approving samples before production; setting product specifications and quality standards; tracking sales of each style on its platform; and reordering, modifying, or cancelling production based on that sales data. Upon information and belief, SHEIN exercised each of these functions with respect to the Infringing Garments.

25. Upon information and belief, after the Infringing Garments were manufactured, SHEIN imported them into the United States, photographed them or caused them to be photographed, displayed images of the Infringing Garments on its website and mobile application, offered them for sale, and sold and shipped them to consumers throughout the United States, including in this District.

26. A non-exclusive comparison of the Subject Design and exemplars of the Infringing Garments is shown below:

| SUBJECT DESIGN | INFRINGING GARMENTS |
|---|---|
| SR70305  | SHEIN Mauve Floral Midi Dress  |

| SUBJECT DESIGN | INFRINGING GARMENTS |
|---|---|
| SR70305  | Detail  |
|  |  |

| **SUBJECT DESIGN** | **INFRINGING GARMENTS** |
|---|---|
| | SHEIN Label<br> |

27. The above referenced comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are substantially, if not strikingly, similar. Among other things, the Infringing Garments reproduce the same large pink, coral, and cream roses and peonies with dark, shaded centers; the same clusters of small white five-petal blossoms and cream and yellow filler florets; the same dark green and sage green leaves in fanned sprays; the same grouping of those elements into dense bouquets; and the same tossed, diagonal placement of those bouquets against a mauve ground.

28. Any differences between the Subject Design and the design on the Infringing Garments, such as the scale of the repeat or the saturation of the ground color, are minor and do not alter the overall look and feel of the works or the protected expression the Infringing Garments copy. The similarities between the works are so extensive that they cannot be explained by coincidence, independent creation, or prior common source, and are explainable only by copying.

29. FSI is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of FSI's rights and/or in blatant disregard for FSI's rights. Upon information and belief, SHEIN is a sophisticated global apparel retailer that has been named as a defendant in numerous copyright infringement actions, including actions in this District concerning textile and print designs, and SHEIN therefore knew that the designs supplied by or produced through its manufacturers were frequently unauthorized copies of designs owned by others. Upon information and belief, SHEIN nonetheless did not seek or obtain any license or authorization for the Subject Design and did not take reasonable steps to confirm that the design on the Infringing Garments was not copied. Said acts of copyright infringement were, and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

30. In May 2024, FSI attempted to resolve this dispute by sending SHEIN a cease and desist letter notifying SHEIN of FSI's rights in the Subject Design and of the Infringing Garments. SHEIN, however, did not respond to the letter or make any attempt to resolve the dispute, necessitating the instant action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

31. FSI repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

32. FSI owns a valid, registered copyright in the Subject Design.

33. FSI is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design including, without limitation, through

(a) access to FSI's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to FSI's strike-offs and samples; and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by FSI for its customers. Access is further established by the striking similarity between the Subject Design and the design on the Infringing Garments.

34. FSI is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. FSI is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with SHEIN, and supplied garments to SHEIN, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were illegal derivations or modifications thereof.

35. FSI is informed and believes and thereon alleges that Defendants, and each of them, infringed FSI's exclusive rights under 17 U.S.C. § 106(1), (2), (3), and (5) by reproducing the Subject Design, creating, making, and/or developing directly infringing and/or derivative works from the Subject Design, distributing and selling garments which infringe the Subject Design, and publicly displaying images of the Infringing Garments through SHEIN's website and mobile application. FSI is further informed and believes and thereon alleges that Defendants, and each of them, infringed FSI's exclusive right of distribution by importing copies of the Subject Design into the United States without FSI's authority, in violation of 17 U.S.C. § 602(a)(1).

36. SHEIN's infringement was the product of its own volitional conduct, including its selection of the design on the Infringing Garments, its orders for their

production, its importation of them, its display of images of them, and its sale of them under the SHEIN label.

37. Due to Defendants' acts of infringement, FSI has suffered substantial damages to its business in an amount to be established at trial.

38. Due to Defendants' acts of infringement, FSI has suffered general and special damages in an amount to be established at trial.

39. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, FSI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of FSI's rights in the Subject Design in an amount to be established at trial.

40. FSI is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Because FSI registered the Subject Design before the infringement commenced, FSI is entitled to elect statutory damages and to recover its attorneys' fees under 17 U.S.C. §§ 412, 504(c), and 505. Within the time permitted by law, FSI will make its election between actual damages and statutory damages.

## **SECOND CLAIM FOR RELIEF**

(For Contributory Copyright Infringement – Against All Defendants)

41. FSI hereby realleges and incorporates by reference herein each and every allegation in the preceding paragraphs as though fully set forth herein.

42. As alleged above, the DOE Defendants and each of the other Defendants directly infringed FSI's copyright in the Subject Design by, among other things,

reproducing the Subject Design on fabric and garments, preparing derivative works based on it, importing the Infringing Garments into the United States, and distributing, displaying, and selling the Infringing Garments in the United States.

43. On information and belief, FSI alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction, importation, and distribution of the Subject Design as alleged hereinabove. Such conduct included, without limitation, creating derivative works, creating products which use the Subject Design, and/or selling such derivative works and products that Defendants knew, or should have known, were not authorized to be published by Defendants.

44. Upon information and belief, SHEIN materially contributed to the direct infringement of the DOE Defendants and of each other Defendant by, among other things, placing the purchase orders that caused the Infringing Garments to be printed and manufactured; specifying, supplying, and/or approving the design and samples of the Infringing Garments; importing the Infringing Garments; and providing the website, mobile application, fulfillment, and logistics through which the Infringing Garments were displayed, distributed, and sold in the United States.

45. Defendants had actual knowledge, and/or were aware of the facts and circumstances, surrounding the creation of the Infringing Garments. Upon information and belief, SHEIN reviewed and approved samples of the Infringing Garments bearing the design at issue before ordering their production and offering them for sale, and, given its experience with prior copyright infringement claims involving textile designs, knew or had reason to know that the design was an unauthorized copy, or was willfully blind to that fact.

46. FSI alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of FSI's rights such that

said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

47. By reason of Defendants' acts of contributory infringement as alleged above, FSI has been damaged and has suffered damages in an amount to be established at trial.

48. Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits they would not otherwise have realized but for their infringement of FSI's rights in the Subject Design. As such, FSI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of the Subject Design, in an amount to be established at trial.

49. FSI is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of contributory copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, FSI will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

(For Vicarious Copyright Infringement – Against All Defendants)

50. FSI repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

51. On information and belief, FSI alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Garments, and were able to

supervise the reproduction, importation, distribution, display, and sale of the Infringing Garments.

52. Upon information and belief, SHEIN had the legal right and practical ability to stop or limit the infringement of the DOE Defendants and of each other Defendant, including through its purchase orders and supplier agreements, its sample approval and quality control processes, its ability to reject, modify, or cancel orders, its control over which products are listed on its website and mobile application, and its ability to remove the Infringing Garments from sale. SHEIN failed to exercise that right and ability to prevent the infringement alleged herein.

53. Defendants also have a direct financial interest in their suppliers' conduct, including with respect to the Infringing Garments, because Defendants realize increased profits through the proliferation and dissemination of the Infringing Garments through their retail business by disregarding the intellectual property rights of copyright holders such as FSI and saving money on licensing fees and costs with regard to the same. Upon information and belief, SHEIN received revenue from each sale of the Infringing Garments, and the availability of low-cost, trend-driven print designs such as the infringing design on the Infringing Garments draws customers to SHEIN's platform.

54. FSI alleges that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that acts of vicarious copyright infringement were, and continue to be, willful, intentional, and malicious.

55. By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, FSI has suffered general and special damages in an amount to be established at trial.

56. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of FSI's rights in the Subject

Design. As such, FSI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of FSI's rights in the Subject Design, in an amount to be established at trial.

57. On information and belief, FSI alleges that Defendants, and each of them, have committed acts of vicarious copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, their agents and employees, and anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design, including by importing, manufacturing, distributing, offering for sale, or selling the Infringing Garments, pursuant to 17 U.S.C. § 502;
b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 504(c);
c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;
d. That all Infringing Garments in Defendants' possession, custody, or control be impounded and destroyed pursuant to 17 U.S.C. § 503;
e. That Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 505;

f. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: November 4, 2026 By: */s/ Andres Navarro*

Trevor W. Barrett, Esq.
Andres Navarro, Esq.
**DONIGER / BURROUGHS**
Attorneys for Plaintiff